**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**JONATHAN DANIELS,**

    **Plaintiff,**

vs.                                                                   Case No. 4:20-cv-00180-WS-MAF

**MARK INCH, and
AARON DOUGHERTY**

    **Defendants.**
_____/

**REPORT AND RECOMMENDATION RE:
PLAINTIFF'S EMERGENCY MOTION FOR PRELIMINARY INJUNCTION,
ECF NO. 32**

This Cause comes before the Court upon Plaintiff's second "Emergency Motion for Preliminary Injunction," ECF No. 32. Plaintiff initiated this case by filing a *pro se* complaint pursuant to 42 U.S.C. § 1983 against Defendants alleging that Defendant Inch's policy of allowing officers to introduce tobacco into the prison system creates a dangerous prison environment. ECF No. 8, p. 8. Plaintiff also raised retaliation claims against Defendant Dougherty. Id. The Undersigned issued a Report recommending that Defendant's motion to dismiss be granted in part and denied in part. ECF No. 31. The report remains pending adoption by the Court. In the interim, Plaintiff filed the instant emergency motion for injunctive relief, ECF

No. 32, though no emergency exists. Plaintiff does not report any violence or physical injury whatsoever.

For the reasons stated herein, Plaintiff's motion for injunctive relief should be DENIED.

### I. Plaintiff's Allegations in the Emergency Motion for Injunctive Relief, ECF No. 32.

In his motion for injunctive relief, Plaintiff repeats claims he is the subject of retaliation. ECF No. 32. He asks the Court to issue an injunctive order to preserve video footage taken "inside H-Dormitory" within Sumter Correctional Institution and recorded between 7:00 a.m. and noon on June 7, 2021. Id., p. 1. The prison intends to destroy the video on July 6, 2021. Id. It is relevant that none of Plaintiff's claims alleged in his complaint occurred on or about June 7, 2021. Plaintiff also asks the Court to permit limited discovery. Id. As a preliminary matter, Plaintiff is advised that the Court will issue a case management and scheduling order setting deadlines for discovery matters once the pending Report and Recommendation is adopted.

According to Plaintiff, he is currently being held in "confinement," has been denied his legal paperwork, writing materials, and authorities as tactics to obstruct his access to the Court in retaliation for filling the instant lawsuit. Id., p. 2. Plaintiff claims he "traded a days worth of food" for writing materials.

Id. He claims all outgoing mail is being confiscated but names no one as responsible. Id. Plaintiff alleges that a few days prior to June 7, he attempted to file court documents alleging retaliatory conduct by Defendant Dougherty and Lieutenant Reed (a non-party). Id. Plaintiff claims that he sought to add Reed as a defendant to this case. Id. According to Plaintiff, Reed confiscated the mailing and destroyed it. Id. On June 7, 2021, Reed and several other officers searched Plaintiff's property in violation of the rules, threatened Plaintiff with physical harm, and ordered another officer to cuff Plaintiff and place him in confinement. Id., p. 3. While in confinement, Plaintiff was denied his legal paperwork and toilet paper. Id. The same day, Plaintiff wrote a grievance to the warden and requested that the inspector general be notified. Id. His grievance has not been returned. Id.

On June 9, 2021, Plaintiff "received a D.R.," and had a hearing on June 14, 2021, where the charges were dismissed. Id. Still, he remained in confinement. Id. On June 18, 2021, Plaintiff received another D.R., which was similar to the first. Id. As of June 20, 2021, Plaintiff remains in confinement and is denied toilet paper, writing materials, and the ability to send or receive mail. Id. Plaintiff alleges threats of bodily harm by Reed over the past two weeks. Id., p. 4. Plaintiff claims the video will show Reed violated prison policy. Id.

Plaintiff is mistaken that this video is relevant to the instant case. None of the allegations in the motion for injunctive relief involve the Defendants named in this case. Plaintiff makes no request for relief against any named defendant and does not raise any new allegations against any named defendant. Id.

## II.  Standard of Review

It is within the sound discretion of the district court to grant or deny a preliminary injunction, which will not be disturbed absent a clear abuse of discretion. Palmer v. Braun, 287 F.3d 1325, 1329 (11th Cir. 2002). See also LSSi Data Corp. v. Comcast Phone, LLC, 696 F.3d 1114, 1119 (11th Cir. 2012). The standard for issuing a preliminary injunction is the same as is required for a temporary restraining order. See California v. American Stores Co., et al., 492 U.S. 1301 (1989); Johnson v. U.S. Dep't of Agriculture, 734 F.2d 774 (11th Cir. 1984).

In order for Plaintiff to be entitled to a preliminary injunction, he must show:

1. a substantial likelihood of success on the merits;
2. the order is necessary to prevent irreparable injury;
3. the threatened injury outweighs the harm that the order would cause to the non-movant; and
4. the order is not adverse to the public interest.

DeYoung v. Owens, 646 F.3d 1319, 1324 (11th Cir. 2011); see also Winter v. Nat. Res. Def. Council, 555 U.S. 7, 20 (2008). District courts within the Eleventh Circuit are applying the standard set forth in Winter. See Madera v. Detzner, Case No. 1:18-cv-152-MW/GRJ, 325 F. Supp. 3d 1269, 1278 (N.D. Fla. Sept. 10, 2018) (citing Winter as the governing standard for a preliminary injunction). A preliminary injunction is "not to be granted unless the movant clearly established the burden of persuasion as to each of the four prerequisites." Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000).

> The basis of injunctive relief in the federal courts has always been irreparable harm and inadequacy of legal remedies. A showing of irreparable harm is the *sine qua non* of injunctive relief. The injury must be neither remote nor speculative, but actual and imminent. An injury is 'irreparable' only if it cannot be undone through monetary remedies. The key word in this consideration is *irreparable*. Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay, are not enough. The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm.

Northeastern Florida Chapter of Ass'n of General Contractors v. Jacksonville, 896 F.2d 1283, 1285 (11th Cir. 1990) (internal citations and quotations omitted).

Typically, the individual or entity from whom the injunctive relief is sought must be a party to the underlying action. See In re Infant Formula

Antitrust Litig., MDL 878 v. Abbott Laboratories, 72 F.3d 842, 842 (11th Cir. 1995); see Fed. R. Civ. P. 65(d) (stating that a preliminary injunction or temporary restraining order is binding on "(A) the parties; (B) the parties' officers, agents, servants, employees, and attorneys; and (C) other persons who are in active concert or participation with anyone described in Rule 65(d)(2)(A) or (B)").

## III. Discussion

First, there is no substantial likelihood of success on the merits regarding Lieutenant Reed because there is no pending civil action against her; Reed is not a named defendant in this case. The Court does not have the authority to bind individuals who are not parties to this action with a preliminary injunction or to order the preservation of any evidence not related to the events which are the subject of this case. Although Plaintiff mentions Reed in his complaint, he attributes no constitutional violations or other misconduct to her. ECF No. 8. Moreover, Plaintiff has not filed any motion with the Court to amend his complaint to include Reed.

Second, to the extent Plaintiff pursues the injunction for the preservation of video evidence, Plaintiff has failed to show the type of imminent danger of irreparable harm necessary to support the issuance of a preliminary injunction or temporary restraining order. Plaintiff has not

demonstrated a clear and present need for an injunction. The video does not contain evidence relating to Plaintiff's claims in this case. Plaintiff's allegations do not involve the Defendants in this case, although Plaintiff believes they are related. More importantly, as noted above, Plaintiff does not allege any actual violence or imminent physical threats to his health. Other remedies are available to Plaintiff, including pursuing a civil rights action against Reed and others and filing grievances with the proper authorities at the prison.

The third factor, balancing potential harm to the parties, clearly weighs more heavily in favor of the prison officials. The video is not relevant to his case against the named Defendants. Finally, the public interest element of the equation is, at best, a neutral factor at this juncture.

Because Plaintiff cannot satisfy all four prerequisites, his request for injunctive relief should be DENIED.

One final consideration, the Court is not unsympathetic to Plaintiff's allegations. However, other remedies are available to Plaintiff. For example, Plaintiff may file a separate civil rights action against Lieutenant Reed (subject to a separate case number and filling fee) or, alternatively, raise claims within this action by filing a motion to amend along with a proposed amended complaint if Reed's actions are part of the same transaction,

occurrence, or series of events related to the incidents outlined in Plaintiff's operative complaint.

Plaintiff is reminded that the PLRA requires a prisoner to exhaust his administrative remedies before filing a civil rights action. 42 U.S.C. § 1997(e); Porter v. Nussle, 534 U.S. 516, 524 (2002); Gould v. Owens, 383 F. App'x 863 (11th Cir. 2010). Plaintiff may not circumvent the PLRA nor may he avoid the filing of a proper Section 1983 complaint by opting to file a motion for injunctive relief. Plaintiff is advised that he may file a civil action against Reed or other officers who allegedly violated his constitutional rights by filling a proper and separate civil action following the exhaustion of his administrative remedies.

## IV. Conclusion and Recommendation

It is respectfully recommended that Plaintiff's emergency motion for injunctive relief, ECF No. 32, be DENIED with prejudice. The Clerk is directed to remand the case to the Undersigned for further proceedings.

IN CHAMBERS at Tallahassee, Florida on June 29, 2020.

s/ Martin A. Fitzpatrick
MARTIN A. FITZPATRICK
UNITED STATES MAGISTRATE JUDGE

NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections

to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. <u>See</u> 11th Cir. Rule 3-1; 28 U.S.C. § 636(b)(1)(C).