**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**JONATHAN M. DANIELS,**

    **Plaintiff,**

**vs.**                                           **Case No. 4:20-CV-00180-WS-MAF**

**AARON DOUGHERTY,**

    **Defendant.**

_____/

## **REPORT AND RECOMMENDATION**

Plaintiff, Jonathan M. Daniels, a prisoner proceeding *pro se* and *in forma pauperis*, initiated this civil rights action pursuant to 42 U.S.C. § 1983. ECF No. 1. Plaintiff's amended complaint is the operative complaint. ECF No. 8. Plaintiff's claims against Defendant Inch[1] were dismissed for lack of jurisdiction and failure to state a claim. ECF No. 31, 34. The retaliation claims against Defendant Dougherty remain. Id. This cause is currently before the Court upon Defendant Dougherty's "Motion for Summary Judgment." ECF

---

[1] Defendant Inch is the former secretary for the FDOC. All claims against Inch were dismissed. Accordingly, the summary of Plaintiff's operative complaint only details the factual allegations relating to Defendant Dougherty
.

No. 44. Plaintiff filed a Response in opposition along with a declaration and exhibits. ECF No. 50, 53.

After careful review, for the reasons stated below, Defendant's Motion for Summary Judgment, ECF No. 44, should be granted and the case should be closed.

## I. Allegations in Plaintiff's Amended Complaint, ECF No. 8.

The substance of Plaintiff's complaint surrounds the introduction of tobacco into the prison by staff, his grievances to prison authorities about this issue, and the alleged destruction of his grievances and retaliation from prison officials.[2] ECF No. 8, p. 7. Plaintiff claims that he filed several grievances about the introduction of tobacco while at Sumter Correctional Institution (Sumter) but has no way of proving when he filed them or what the contents of those grievances was. Id. According to Plaintiff, Defendant, a lieutenant at Sumter, retaliated against Plaintiff by destroying his grievances, threatening him, and subjecting him to a disciplinary hearing based on false allegations – all in violation of the First Amendment. Id. Most of Plaintiff's grievances were never acknowledged. Id.

---

[2] In the past, Florida Department of Corrections' (FDOC) policies permitted the possession and use of tobacco among the general inmate population. ECF No. 8, p. 5. Plaintiff believes this prevented prison staff from bringing tobacco into state prisons. Id. In 2011, FDOC changed the policy. Id.

Plaintiff claims that Defendant answered some grievances; but on December 17, 2019, Defendant and an unknown officer confronted him about two grievances he filed, one of which related to the FDOC's tobacco policy. Id., p. 8. Plaintiff alleges that Defendant "ripped up" the grievances and threatened him with disciplinary measures and violence if he continued to file grievances. Id. Plaintiff then filed grievances against Defendant, but a portion were never answered. Id.

On January 24, 2020, the warden informed Plaintiff that the Office of the Inspector General was advised of Defendant's conduct. Id. The same day, Plaintiff received a disciplinary report (DR) for possession of tobacco in his area although he maintained he was not guilty. Id., p. 9. Plaintiff received probation and lost visitation privileges for six months. Id. He was locked up in confinement and was stripped of all privileges for several weeks. Id., p. 9. He believes this was done out of retaliation. Id.

Plaintiff sues Defendant, in his individual and official capacities, for interfering with the grievance process and retaliating against him in violation of the First Amendment. Id., pp. 2-3, 9. Plaintiff seeks a declaratory relief, court costs, nominal damages, and a preliminary and permanent injunction preventing Defendant from further retaliating against him. Id.

## II. Standard of Review

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment is proper:

> [i]f the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law.

Accordingly, summary judgment should be entered only against

> a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial. The moving party is 'entitled to judgment as a matter of law' because the non-moving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (citations omitted).

Thus, pursuant to Celotex and its progeny, a movant for summary judgment bears the initial responsibility of informing the court of the basis for his motion by identifying those parts of the record that demonstrate the nonexistence of a genuine issue of material fact. This demonstration need not be accompanied by affidavits. Hoffman v. Allied Corp., 912 F.2d 1379, 1382 (11th Cir. 1990). If the party seeking summary judgment meets the

initial burden of demonstrating the absence of a genuine issue of material fact, the burden shifts to the non-moving party to present sufficient evidence to rebut this showing with affidavits or other relevant and admissible evidence. Avirgan v. Hull, 932 F.2d 1572, 1577 (11th Cir. 1991).

It is the non-moving party's burden to come forward with evidence on each essential element of his claim sufficient to sustain a jury verdict. Earley v. Champion Int'l Corp., 907 F.2d 1077, 1080 (11th Cir. 1990). The non-moving party cannot rely solely on his complaint and other initial pleadings to contest a motion for summary judgment supported by evidentiary material, but must respond with affidavits, depositions, or otherwise show there are material issues of fact which demand a trial. Fed. R. Civ. P. 56(e); Coleman v. Smith, 828 F.2d 714, 717 (11th Cir. 1987). The trial judge, at the summary judgment stage, does not weigh the evidence but rather determines whether there is a genuine issue for trial: "if the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986); Baldwin Cty., Ala. v. Purcell Corp., 971 F.2d 1557, 1563 (11th Cir. 1992). "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party."

Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990) (citing Anderson, supra).

The Supreme Court has stressed:

> [w]hen the moving party has carried its burden under rule 56(c) its opponent must do more than simply show that there is some metaphysical doubt as to the material facts . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'

Matasushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986) (footnote omitted). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson, 477 U.S. at 247-48. Finally, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." Scott v. Harris, 550 U.S. 372, 380 (2007).

### III. Defendant Dougherty's Motion for Summary Judgment, ECF No. 44

According to Defendant, on January 24, 2021, Officer Pormabo-Santiago searched Plaintiff's bunk and discovered 2.2 grams of factory rolled tobacco inside the locker. ECF No. 44, p. 4. "Plaintiff was charged with possession of tobacco in violation of the prison rules." Id. Defendant was

Pormabo-Santiago's supervisor and approved the DR. Id. Defendant submitted a declaration stating he is an administrative lieutenant, never ripped up or destroyed any inmate's grievances, including Plaintiff's, and did not retaliate against Plaintiff. ECF No. 44-2. The DR was issued because another officer found tobacco in Plaintiff's care, custody, and control. Plaintiff received notice, appeared at the hearing, pled not guilty, was found guilty, and did not appeal. Id.

Defendant relies on O'Bryant v. Finch, 637 F.3d 1207 (11th Cir. 2011) and argues that Plaintiff's retaliation claim fails because he was found guilty of an actual disciplinary infraction after being afforded due process and did not appeal. Id., pp. 7-8. Defendant provides a copy of the DR (DR307-200098). ECF No. 44-1. Plaintiff is also not entitled to injunctive relief because he is no longer housed in the same institution as Defendant. Id., p. 11. Plaintiff is at Sumter Work Camp; Defendant is at the Main Unit. Id.

## IV. Plaintiff's Response, ECF No. 50

Plaintiff argues that Defendant's exhibits (DR 307-200098 and the declaration) supporting the motion for summary judgment are inadmissible, are not trustworthy, and should be stricken from the record. ECF No. 50. Plaintiff argues the DR does not show he appealed, the DR must be accompanied by a custodial certification, and Defendant failed to provide this

DR during discovery. Id., pp. 2-3. Notwithstanding Plaintiff's argument, in support of his response, Plaintiff submitted copies of his grievances and a DR relating to a different incident without custodial certifications for his own exhibits. ECF No. 53, pp. 6-36. Plaintiff maintains that Defendant's interference with his grievances is sufficient to support his claims of a First Amendment violation. ECF No. 53, p. 1-2. Plaintiff reiterates his claims that Defendant interfered with the grievance process by ripping up his grievances and retaliated by writing a fictitious DR. Id., p. 7. Plaintiff claims he is entitled to injunctive relief because Defendant remains responsible for grievances from both Sumter Main Unit and Sumter Work Camp. Id., p. 11.

Plaintiff attempts to present additional claims. Plaintiff alleges he was denied Due Process during the disciplinary process, which was based on false facts and no evidence. Id., p. 7. He also claims Defendant committed discovery violations by not providing him with the DR documentation.

## V.  Discussion

### A. Plaintiff's Untimely Claims of Discovery Violations and Due Process Violations Will Not Be Considered.

First, to the extent Plaintiff alleges a discovery violation, he makes this allegation 46 days *after* the discovery deadline although he knew of the DR documentation well in advance of the deadline. The discovery period began July 14, 2021, and ended on October 18, 2021. At this late juncture, the Court

is not required to address Defendant's alleged discovery violations. See Ginett v Federal Express Corp., 166 F.3d 1213 (6th Cir. 1998) (district court properly denied motion to compel filed two months after the discovery deadline where plaintiff knew of the document at issue seven months before the discovery deadline). Plaintiff never mentioned any good faith attempt to resolve the discovery dispute as required by Fed. R. Civ. P. 37. Plaintiff claims he filed a motion to compel discovery based on sworn facts. ECF No. 50, p. 5. Not so. Plaintiff filed a notice of his *intent* to file a motion to compel (ECF No. 48) and an affidavit claiming he was denied access to the law library (ECF No. 47) but not a motion to compel discovery. Plaintiff has not shown good cause for his failure to timely pursue this alleged discovery dispute. See Watkins v. Regions Mortgage, Inc., 555 F. App'x 922, 924 (11th Cir. 2014). Accordingly, the Court will not consider this claim.

Next, on March 26, 2021, the Undersigned issued a Report outlining all of Plaintiff's claims and the supporting facts as presented in the amended complaint and recommended that only the retaliation claims should proceed against Defendant Dougherty. ECF No. 31. Plaintiff did not object; and the Court adopted the Report on July 9, 2021. ECF No. 34. Plaintiff may not raise new claims in a response to a motion for summary judgment. "Arguments raised for the first time in a reply brief are not properly before a reviewing

court." United States v. Coy, 19 F.3d 629, 632 (11th Cir. 1994); Sapuppo v. Allstate Floridian Ins. Co., 739 F.3d 678, 681 (11th Cir. 2014). The Local Rules require that claims and the facts supporting the claims be set out as part of the form complaint. See N.D. Fla. Loc. R. 5.7(B). If Plaintiff believed that the Court failed to address all the claims he wished to present in this case, the time to object was when the Report was issued. Accordingly, the Court will not consider a new claim that he was denied due process during the disciplinary proceedings but will consider due process solely within the context of whether the disciplinary proceeding itself amounts to retaliation.

B. First Amendment Retaliation

It is well established that the First Amendment forbids prison officials from retaliating against prisoners for exercising the right of free speech. See Crawford-El v. Britton, 523 U.S. 574, 588 n. 10 (1998); Farrow v. West, 320 F.2d 1235, 1248 (11th Cir. 2003). To prevail on a claim of retaliation, the inmate must establish these elements: (1) his speech was constitutionally protected; (2) the defendant's retaliatory conduct adversely affected the protected speech; and (3) there is a causal relationship between the retaliatory action and the protected speech. See Douglas v. Yates, 535 F.3d 1316, 1321 (11th Cir. 2008) (citing Bennett v. Hendrix, 423 F.3d 1247, 1250, 1254 (11th Cir. 2005)).

As to the first element, "First Amendment rights to free speech and to petition the government for a redress of grievances are violated when a prisoner is punished for filing a grievance concerning the conditions of his imprisonment." Boxer X v. Harris, 437 F.3d 1107, 1112 (11th Cir. 2006). As to the second element, the Eleventh Circuit employs a purely objective standard: "[a] plaintiff suffers adverse action if the defendant's allegedly retaliatory conduct would likely deter a person of ordinary firmness from the exercise of First Amendment rights." Bennett, 423 F.3d at 1253.

Initially, the plaintiff must plead and provide sufficient evidence of the retaliatory motive and the adverse action. See Hartman v. Moore, 547 U.S. 250, 259-60 (2006). Next, "[t]he burden shifts to the defendant official to demonstrate that even without the impetus to retaliate he would have taken the action complaint of." Id. at 260. The third element "asks whether the defendants were subjectively motivated to discipline because [the prisoner complained of the conditions of his confinement." Smith v. Mosley, 532 F.3d 1270, 1278 (11th Cir. 2008). However, "[i]f a prisoner is found guilty of an actual disciplinary infraction after being afforded due process and there was evidence to support the disciplinary panel's fact finding, the prisoner cannot later state a retaliation claim against the prison employee who reported the infraction in a disciplinary report." O'Bryant, 637 F.3d at 1215.

Here, Plaintiff alleges that Defendant, in retaliation for submitting grievances, issued a false disciplinary report and otherwise interfered with the grievance process, subjected him to confinement, and stripped him of visitation and other privileges. See ECF No. 8. The record in this case shows that in December 2019 and January 2020, Plaintiff filed several grievances to the warden and the FDOC alleging that Defendant ripped up his grievances, refused to log other grievances he filed, and threatened him with confinement.[3] ECF No. 53, pp. 21-27. The FDOC informed Plaintiff that he was required to submit his grievance to the appropriate level before submitting it to the FDOC. Id., p. 26. The warden's response explained, in part, the process of receiving and logging grievances so that Defendant "would not have been in possession of [Plaintiff's] original logged grievance form" and "informal grievances . . . deemed to be inmate requests based on their content . . . are . . . not subject to logging." Id., p. 21.

On January 24, 2020, the warden responded to one of Plaintiff's grievances informing him that "[t]he Office of Inspector General has been advised and will make a determination on the course of action . . . this does not constitute substantiation of your allegations." Id., p. 23. The same day, Plaintiff was charged with violating the prison's tobacco policy. Defendant

---

[3] Plaintiff provided copies Grievance Nos. 19-6-44630, 1912-307-062, 2001-307-014.

provided a copy of DR 307-200098 in support of his motion for summary judgment. ECF No. 44-1. The report was issued by Pormabo-Santiago and was approved by Defendant. Id. Aside from Defendant's DR exhibit, Plaintiff provided evidence of his attempt to appeal the same DR. ECF No. 53, p. 6-7. Plaintiff's exhibits support certain facts in the DR, specifically, the date and relevant charges. Id. On February 6, 2020, Plaintiff filed a form DC1-303 and sought to have the DR dismissed due to technical errors: mandatory forms were not used, and officers failed to preserve the contraband. ECF No. 53, p. 7. Plaintiff argued that these technicalities invalidated the DR; so, it should be removed from his institutional record. Id. On February 20, 2020, the warden responded:

> You were issued [the DR for] . . . possession, introduction, or trafficking of tobacco or tobacco-related products such as lighters or cigarette papers . . . Upon review of the disciplinary team findings, you entered a plea of "not guilty." You were found guilty for said charge. An inmate impounded personal property list, form DC6-220, was completed. However, you refused to sign. All evidence and administrative processes have been reviewed and are in keeping with 33-601.303, 33-601.304, and 33-601.305. Other than denying your guilt, you have not provided any new information or mitigating factors not otherwise available to or known by the disciplinary team at the time of their review and action in connection with the rule infraction in question. Your Grievance is denied.

Id., p. 6. Six days later, on February 26, 2020, Plaintiff submitted a grievance to the FDOC Secretary about his DR appeal. Id., p. 11. Plaintiff falsely

Case No. 4:20-cv-00180-WS-MAF

claimed that the prison ignored and did not answer his appeal and argued the charge was unlawful because FDOC only has authority to punish inmates for using tobacco not for possession of tobacco. Id., p. 11. The grievance was denied because Plaintiff did not file the grievance at the institutional level. Id., p. 10. On March 1, 2020, Plaintiff appealed the six-month suspension of his visitation privileges, which he claims began on February 25, 2020. Id., p. 9. Plaintiff alleged the suspension was unlawful because the Florida statute does not provide for the allowance of some inmates to use tobacco and to punish others. Id. The warden clarified that Plaintiff received the sanction pursuant to Rule 33-601.731(1)(d) because he was found guilty of "possession, introduction, or trafficking of tobacco or tobacco-related products such as lighters or cigarette papers." Id., p. 8.

Plaintiff's First Amendment claim of retaliation cannot survive. Plaintiff has not provided any evidence to dispute Defendant's statements that his possession of unauthorized contraband resulted in the disciplinary violation. Noticeably absent from his prison appeals, Plaintiff did not allege that the DR was predicated on false facts or retaliation, that he was not noticed properly of the charges or his rights, that he did not receive written statements of the findings, or that the evidence relied upon by the disciplinary panel was false. Nor did Plaintiff allege he was denied any opportunity to present evidence or

witnesses. There is no indication that Plaintiff was denied due process. Rather, as narrated above, Plaintiff's appeals suggest otherwise. "Whether an inmate actually committed the charged infraction or whether the disciplinary report falsely accuses the inmate are questions of fact that are decided by the disciplinary panel." O'Bryant, 637 F.3d at 1215.

Plaintiff suffered adverse action (disciplinary confinement and the loss of visitation and other privileges) because he, actually, violated the prison rules and not because he filed grievances. "To find otherwise would render the prison disciplinary system impotent by inviting prisoners to petition the courts for a full retrial each time they are found guilty of an actual disciplinary infraction after having filed a grievance." O'Bryant, 637 F.3d at 1216.

Plaintiff's also claims that Defendant's refusal to accept his grievances, failure to log them, or otherwise destroy them, is sufficient proof that a First Amendment violation occurred. ECF No. 50, p. 12. Even assuming Plaintiff's allegations are true, his retaliation claim fails because there is no constitutional right to a prison grievance procedure. See Bingham v. Thomas, 654 F.3d 1171, 1177 (11th Cir. 2011) ("[A]s various circuits have held when ruling on an inmate's claim that he was denied use of a prison's grievance procedure, an inmate has no constitutionally-protected liberty interest in access to that procedure."); see also Jernard v. Comm'r, Ga. Dep't

of Corr., 457 F. App'x 837, 840 (11th Cir. 2012) (citing Bingham and stating that the Eleventh Circuit "has specifically held that there is no constitutionally-protected liberty interest in access to a grievance procedure provided for voluntarily by a prison"). Plaintiff fails to state a plausible § 1983 claim for relief. Only retaliation that is based on a prisoner's exercise of a constitutional right violates the Constitution.

## VI.  Conclusion and Recommendation

For the reasons stated above, it is respectfully recommended that Defendant Dougherty's Motion for Summary Judgment, ECF No. 44, be **GRANTED** and the case be closed.

IN CHAMBERS at Tallahassee, Florida, on January 14, 2021.

>   s/ Martin A. Fitzpatrick
>   **MARTIN A. FITZPATRICK**
>   **UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. Rule 3-1; 28 U.S.C. § 636(b)(1)(C).